Norval W. Wells and Samuel E. Wells for the Use of Catherine L. Rainwater, Individually and as Administrator of the Estate of Willie A. Rainwater, Deceased, Rowena Annabelle Secrist, Edna B. Harris, as Administrator of the Estate of Claude William Harris, Deceased, Claude W. Harris, and Charles Harris, a Minor, Plaintiffs-Appellants, v. Lee Braxton, et al., Defendants-Appellees.

Gen. No. 51,060.

First District, Third Division.

April 20, 1967.

Rehearing denied June 5, 1967.

Jean Appleman, of Chicago, for appellants.

Carroll, Connelly & Hartigan, of Chicago (John M. Hartigan and John M. Hillery, of counsel), for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from orders quashing the service of process upon defendants Braxton, Ewen, Jones and Keith, and transferring the case as to the rest of the defendants from Macon to Cook County. The orders recited that three of these defendants, Ewen, Jones and Keith, were not amenable to process by Illinois under section 17 of the Illinois Civil Practice Act, (Ill Rev Stats 1963, c 110, par 17), and that return of service upon Braxton failed to meet the requirements of section 16 of that act.

Braxton, a North Carolina resident, was allegedly president of Pioneer Auto Insurance Company (Pioneer), and Ewen, Jones and Keith, Kentucky residents, were allegedly directors of Republic Casualty Insurance Com-

pany (Republic). According to Ewen, Jones and Keith, as set out in affidavits filed by them, they were directors of Republic from May, 1955, to January, 1956. Plaintiff Norval Wells was an insured under a policy issued by Pioneer. Republic later assumed control of Pioneer.

Plaintiffs contend that Ewen, Jones and Keith are amenable to suit in Illinois in that they were transacting business in Illinois, they committed torts in Illinois, and they contracted to insure persons, property or risks in Illinois; that the technical requirements of section 16 of the Civil Practice Act are not jurisdictional and, therefore, the defect in return of service upon Braxton does not invalidate that service; that defendant Braxton failed to file a required affidavit specifying the alleged deficiencies of the return and the portion of the statute violated; and that Macon County is the place where the transaction out of which this suit arose occurred and is the proper place for trial.

Plaintiff, Norval Wells, was the insured under an automobile insurance policy issued in September, 1954, in Cook County by Pioneer. His son Samuel was an additional insured under that policy. On March 17, 1955, while driving in Macon County, Samuel was involved in a three-car collision in which two persons were killed and three were severely injured. Suits arising out of that accident were brought in Macon County by the injured and the administrators of the decedents against Samuel Wells. Judgments were rendered for those plaintiffs well in excess of the insurance policy limits (50,000/100,000). These judgments are still unsatisfied.

Pioneer was an Alabama reciprocal authorized to do business in Illinois from April, 1954 to June 6, 1955. Its Illinois attorney-in-fact was a Delaware corporation with its principal office in Chicago, Illinois. It also maintained an office in Alton, Illinois, through which plaintiff purchased his policy. About the same time that Pioneer lost its authorization to do business in Illinois, it was taken

over by Republic, a Kentucky corporation authorized to do business in Illinois from July 19, 1955, to September 2, 1956. Policies issued by Pioneer were taken over by Republic and thereafter, business was transacted under the name Pioneer, Division of Republic, through Republic's Louisville, Kentucky office. Republic was placed in the hands of a Kentucky liquidator September 2, 1956.

The same people who had controlled Pioneer took over the control of Republic and Republic's stock was held by a dummy corporation controlled by one Paul Temple.

At the time of the accidents, the insurance companies hired John Dyar, a Macon County, Illinois attorney, and Lynch Adjusting Company to act for them in handling the defense of the suits. Dyar sought to settle them but was given authority to settle for a maximum of only $7,000. Many letters were exchanged between the Illinois representatives and Pioneer wherein the company agreed to confer with Dyar about settlement; however, no such conference occurred. By the time the judgments were rendered the company was unable to pay because the funds had been depleted.

Plaintiffs brought this suit in Macon County for the use of their judgment creditors (plaintiffs in the cases arising out of the auto accidents). The complaint listed the defendants and gave their respective titles. Included were officers, directors, the companies, and the attorney Dyar. Numerous acts were allegedly committed by these defendants, including the issuance of the policy while the company was insolvent and the concealment of said insolvency from the plaintiffs, negligence and bad faith in failure to properly negotiate and settle the claims against Wells when it was known to all that there was no good defense to the suit, and mismanagement of company funds and investments which caused the insolvency of the companies.

It was further charged that defendants were negligent in allowing Paul Temple to obtain control of the com-

357

panies. Temple had a history of insurance company management which included the bankruptcy of the three companies with which he had been associated. He had gone through bankruptcy personally twice, and had been indicted on charges of making false statements to government boards and violating war fraud laws. On the former charge he pleaded no contest; on the latter he pleaded guilty. In addition, Temple was a known alcoholic. However, there was no allegation that the defendants in this appeal had knowledge of these facts.

Defendants, Ewen, Jones and Keith, filed a motion to quash service upon them accompanied by affidavits stating that they were never Illinois residents, that they served as directors of Republic for a seven-month period (May, 1955–January, 1956), that they were never in Illinois to transact any business for Republic, and that at no time did they personally contract to insure any person, property or risk located in Illinois. Braxton appeared specially stating by affidavit that he was not an Illinois resident and the return of service upon him did not comply with the requirements of the Civil Practice Act section regarding service of nonresidents.

The court in Macon County ordered the quashing of summons, service and return upon the four defendants in this appeal. Two other defendants had moved for a change of venue on the ground that the transactions involved did not occur in Macon County, but that the proper court was one in Cook County. The Macon County court also granted this motion, and the cause was transferred to Cook County. After a final order was entered as to the remaining defendants in Cook County, this appeal was taken.

Plaintiffs first contend that defendants Ewen, Jones and Keith are amenable to suit in Illinois. The legislature has provided that certain acts are bases for nonresidents' submission to the jurisdiction of the Illinois courts. Sec-

tion 17 of the Civil Practice Act provides in part as follows:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;

". . .

"(d) Contracting to insure any person, property or risk located within this State at the time of contracting."

Ewen, Jones and Keith submitted affidavits in support of their motion to quash which specifically denied Illinois residency, transaction of any business for or on behalf of Republic in Illinois, and personally contracting to insure any person, property or risk located in Illinois. They further stated that they had been directors of Republic from May, 1955, to January, 1956. Plaintiffs filed no counteraffidavits with their objections to the motion to quash. The unverified complaint alleged many acts by "defendants, or one or more of them," some of which occurred at a time when these defendants were not even connected with Republic. Also, some of the alleged acts involved negligence in the handling of the Wells claim. It was alleged that there was much communication between Dyar or Lynch and the company regarding settlement of the Wells claim. These letters were all addressed to, or received from, the Pioneer office in Chicago, and there is no showing that the situation was ever brought

to the attention of Ewen, Jones and/or Keith, nor did their signatures appear on those letters. Plaintiffs never showed them to have committed any acts involving this claim, nor specifically alleged such involvement.

Defendants rely upon an Illinois case quite similar to the case at hand, In re Estate of Oelerich, 31 Ill App2d 457, 176 NE2d 549. In that case a mother was seeking to have her daughter declared incompetent. The unverified complaint alleged that the daughter was a resident of Evanston, Illinois. The daughter filed a motion to dismiss the proceedings on the ground that the court lacked jurisdiction over her person. Accompanying her motion was an affidavit stating that she was a resident of Indiana and had not submitted to the jurisdiction of the Illinois court. The trial court denied the daughter's motion. However, the appellate court reversed that ruling and, with reference to the affidavit, said on page 461:

> "It alleges facts sufficient to show that respondent, presumably sane, was domiciled in and was a resident of Indiana, and that she had not submitted herself to the jurisdiction of the Probate Court of Cook County, Illinois. In ruling on the objection to the jurisdiction of the court, and in absence of counteraffidavits or evidence to the contrary, we believe the affidavit of respondent should have been taken as true, (Leitch v. Hine (1946), 393 Ill 211, 219, 66 NE2d 90). It overcame any presumption of jurisdiction of the person of respondent and the residency averment of the petition."

In the instant case defendants filed affidavits which, in absence of counteraffidavits or other contrary evidence, could only lead the court to rule that they were not subject to the jurisdiction of the Illinois courts. There was no countering by plaintiffs of the specific denials found in defendants' affidavits. Plaintiffs contend that the

360

court must balance against those affidavits plaintiffs' objections to this and other motions and all affidavits filed by them. Our review of the record shows no evidence directly controverting the statements of the defendants by affidavit.

The allegations of the unverified complaint charge acts, which, although tortious, all arise out of the basic contractual relationship of the company (Pioneer) and Wells. The fraudulent issue of the policy and negligence in failure to fulfill the contractual duty to negotiate and settle the claims against Wells are closely tied in with the contract itself. Even the alleged mismanagement of various kinds would be no concern of plaintiffs and would give them no standing to sue were it not for some harm coming to them because of failure to live up to policy provisions. It follows, therefore, that the failure to deny the commission of a tort in Illinois does not render these defendants subject to suit in Illinois. Indeed, they denied all acts which would give the Illinois courts jurisdiction over the defendants, and the denials were not controverted by plaintiffs.

 Section 20 of the Illinois Civil Practice Act provides that, in ruling on the question of jurisdiction, "the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact." Whether the defendants had done any acts in the State which would subject them to that court's jurisdiction was a disputed issue of fact. The order of the court recited "the Court hears the further testimony adduced on the several motions of the said defendants to quash the summons, the arguments of counsel, and being well and sufficiently advised in the premises, allows the several motions of said defendants." We have no record of proceedings before us and, in the absence of such, must assume that the evidence supports the factual finding of

the trial court. Sauter v. Pickrum, 373 Ill 541, 26 NE2d 844; Pease v. Kendall, 391 Ill 193, 63 NE2d 2; Anthony v. Gilbrath, 396 Ill 125, 71 NE2d 84; Leathers v. Leathers, 13 Ill2d 348, 148 NE2d 773; People v. Kapande, 23 Ill2d 230, 177 NE2d 825; Skaggs v. Junis, 28 Ill2d 199, 190 NE2d 731.

Plaintiffs next contend that the technical requirements of section 16 of the Civil Practice Act are not jurisdictional and the defect in the return of service on defendant Braxton does not invalidate the service. It is their theory that, as in service upon residents, if defendant is given actual notice of the suit then the technical deficiencies may be overlooked. With this we cannot agree. While the State presumably has jurisdiction over its residents, this is not true of nonresidents. It is only in certain instances that our courts may reach out and touch citizens of other states and these occasions are enumerated by statute. Furthermore, a separate and distinct method of service of these nonresidents is described in section 16, which reads in part as follows:

> "(2) The service of summons shall be made in like manner as service within this State, by any person over 21 years of age not a party to the action. No order or decree of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made."

The requirements set out above are similar to those in a statute construed in Werner v. Shons Co., 341 Ill 478, 173 NE 486. In that case a statute authorized service upon partnerships, in the partnership name, if the partners were nonresidents of the county in which the partnership business was carried on, but residents of Illinois. The return of service on the defendant partnership did not

recite that it was a partnership, the partners of which were nonresidents of the same county but residents of Illinois. The court ruled that the return was insufficient since it did not show compliance with all the requisites of the authorizing statute. Significant language appears on page 486, wherein it is said:

"(J)urisdiction, unless the defendant voluntarily enters his appearance, can be acquired in actions at law only by the service of a summons in the manner directed by the statute. The return of the sheriff is the only evidence which the court can receive of such service. The fact of the jurisdiction of the court over the defendant's person cannot rest in parol."

■ ■ With the above in mind it is clear that service and return on an out-of-state defendant must comply fully with the statutory requirements. The statute requires that an affidavit of the server of summons accompany the return, showing the time, manner and place of service. No such affidavit was filed as to service on Braxton. Although the statute in point allows consideration of evidence as well as this affidavit, here there was nothing of sufficient merit to allow the court to conclude that Braxton had been properly served.

Plaintiffs contend that even though statutory compliance was lacking that Braxton failed to comply with section 20 of the Civil Practice Act, which sets out the particulars for special appearances, by his failure to set forth in an affidavit the reasons for his objections and the section of statute violated. Section 20 says an affidavit must support the objections only if the reasons for objection are not apparent from the papers on file. In this case it was apparent to the court that no affidavit had accompanied the return of service, and that such service was, therefore, deficient on its face.

For the above reasons the orders quashing summons, service and return upon the four defendants in this appeal are affirmed. Because of that decision we need not consider the order granting the change of venue from Macon County to Cook County.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.