CORONET INSURANCE COMPANY, Plaintiff-Appellee, *v.* ALVIN JONES *et al.*, Defendants.—(ALVIN JONES, Defendant-Appellant.)

First District (1st Division)   No. 61952

Opinion filed January 3, 1977.

Karr & Leonard, of Chicago (Terrence E. Leonard, of counsel), for appellant.

Arnold & Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Coronet Insurance Company (plaintiff), obtained a summary declaratory judgment against Alvin Jones, Sheila Harris and George Salter terminating its duty to defend under an automobile liability policy. Alvin Jones (defendant) appeals.

On December 3, 1969, defendant was injured while a passenger in an automobile owned by George Salter and driven by Sheila Harris. George Salter was insured by plaintiff. Defendant brought action for damages against Sheila Harris and George Salter.

On March 10, 1972, plaintiff filed the within proceedings for declaratory judgment absolving it from liability on the policy. (Ill. Rev. Stat. 1969, ch. 110, par. 57.1.) Plaintiff alleged that it had issued a policy of automobile liability insurance to George Salter; Sheila Harris had been driving the vehicle owned by Salter, on December 3, 1969, without his permission; and the insurance policy did not cover the mishap because it provided:

"Persons insured. The following are insured under Part I:

(a) with respect to the owned automobile

1. The named insured and any resident of the same household.

2. Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

On July 11, 1974, plaintiff moved for summary judgment. Attached to the motion was a portion of a discovery deposition of defendant George Salter. The record establishes that the insured, George Salter, had given his son, George Salter, Jr., permission to use his automobile. Thereafter, the son had permitted Sheila Harris to drive the vehicle. George Salter, Jr., was a passenger at the time of the accident. George Salter, Sr., testified that he had not given permission to anyone but his son to drive his car. No response was filed or presented to the trial court in opposition to plaintiff's motion for summary judgment.

On August 27, 1974, the trial court entered an order to the effect that it had jurisdiction of the parties and of the subject matter; Sheila Harris, the driver, was not a permissive user of the insured automobile and plaintiff was therefore under no legal obligation to defend Sheila Harris in the pending injury case or to pay claims or judgments to defendant herein.

On September 27, 1974, defendant, making his first appearance herein, moved that the court vacate the order granting summary judgment. The motion alleged that defendant had never been served with summons; the summary declaratory judgment was an *ex parte* order; Sheila Harris was not represented at the hearing on that order, as her attorney had withdrawn from the case; and, therefore, defendant was denied his right to be represented at the hearing and to oppose the motion for summary judgment. Attached to the motion were an affidavit from defendant's attorney, stating that to the best of his knowledge, defendant had not been served, and, a copy of a motion from Sheila Harris' attorneys, asking leave of court to withdraw from the case because of her lack of cooperation.

In opposition, plaintiff presented a motion stating that summons had in fact been served upon defendant. A photocopy of the summons and return showed that the writ had been served on defendant by the local sheriff in Sandstone, Minnesota, where defendant was in prison, on

October 25, 1973. On March 17, 1975, the trial court denied defendant's motion to vacate the summary judgment.

On April 16, 1975, defendant moved that the court reconsider its refusal to vacate the summary judgment. That motion stated that the officer's return of service appearing on the summons had not been filed until after September 27, 1974; defendant had not been notified that plaintiff planned to take George Salter's discovery deposition on October 11, 1972, and defendant was not even a party to the action at that time; and defendant was not given notice of plaintiff's application for summary judgment or of the hearing on that motion. The motion set forth that, according to the law of Illinois, Sheila Harris was covered by George Salter's insurance policy issued by plaintiff. Further, defendant stated that he had hired an attorney in Illinois who had checked the court file and never found that the return of service of the summons had been filed so that defendant had exercised due diligence in presenting his motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). This motion was also denied. Defendant appeals.

In this court, defendant contends that the order granting plaintiff's motion for summary judgment was void because the court did not acquire personal jurisdiction over defendant; the facts presented to the court in plaintiff's motion for summary judgment provide no basis for granting the relief requested; the court had no basis under case law to support its findings that the driver of the automobile was not a permissive user; and defendant's motions to vacate and reconsider sufficiently established due diligence and a meritorious cause of action to sustain equitable relief under section 72 of the Civil Practice Act. Plaintiff contends that this court is without jurisdiction to grant relief based upon the motion to vacate and the notice of appeal; treating the motion to vacate as a section 72 motion, it is insufficient; the appeal should be dismissed as Sheila Harris and George Salter are bound by the judgment order and reversal as to defendant would not benefit him; and the trial court had jurisdiction over defendant because the summons had been served upon him.

We will first consider plaintiff's motion to dismiss the appeal and defendant's response which we have taken with the case. Plaintiff contends this court lacks jurisdiction because defendant's motion to vacate, filed on September 27, 1974, was filed beyond the 30 days permitted for filing of post-trial motions (Ill. Rev. Stat. 1975, ch. 110, par. 68.3). The summary declaratory judgment was entered August 27, 1974.

■■■ A verified petition to set aside an *ex parte* judgment filed more than 30 days thereafter will be construed as having been filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). (See *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 623, 317 N.E.2d 774,

and *Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881, 883, 289 N.E.2d 25.) A denial of a section 72 petition to vacate a judgment is a final and appealable order (Ill. Rev. Stat. 1975, ch. 110A, par. 304(b)(3); *Diner's Club v. Gronwald* (1976), 43 Ill. App. 3d 164, 356 N.E.2d 1261.) Defendant's notice of appeal was timely filed on April 16, 1975, which was 30 days after the trial court's denial of defendant's motion to vacate, entered on March 17, 1975. The notice of appeal was filed on the same day that the court denied defendant's motion to reconsider the order which had denied defendant's motion to vacate the judgment. Therefore, this court has jurisdiction of the appeal and plaintiff's motion to dismiss the appeal is denied.

The next problem which we must solve is whether the trial court had personal jurisdiction over defendant in this case, despite the failure of plaintiff to file the officer's return of service of the summons until almost one year after service. Section 16 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 16) provides:

"(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

(2) The service of summons shall be made in like manner as service within this State, by any person over 21 years of age not a party to the action. No order of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made."

Supreme Court Rule 102(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 102(d)) provides:

"(d) Return. The officer or person making service shall make a return by filing proof of service immediately after service on all defendants has been had, and, in any event, shall make a return: (1) in the case of a summons bearing a specific return day or day for appearance, not less than 3 days before that day; (2) in other cases, immediately after the last day fixed for service. If there is more than one defendant, the proof of service shall, at the request of the plaintiff or his attorney, be made immediately after service on each defendant. In that case, the proof of service to be filed may be indorsed upon a copy of the summons and the original retained until service is had upon all defendants or until expiration of the

time provided for service. The proof of service need not state whether a copy of the complaint was served. The officer or other person serving the summons may file proof of service by mail. Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had."

■■ In construing the relationship of these two provisions, we note section 2 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 2), which provides that the supreme court may "make rules of pleading, practice and procedure for the circuit, Appellate and Supreme courts supplementary to but not inconsistent with the provisions of this Act * * *." Section 16 provides a method for personal service of summons outside the State on both residents and nonresidents, and Rule 102 speaks more generally of "Service of Summons and Complaint; Return." The final sentence of section (d) of this rule provides that "Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had." Considering these two sections together, we find that it is not inconsistent with the Civil Practice Act to read this sentence of the rule in conjunction with section 16.

Defendant relies on *Wells ex rel. Rainwater v. Braxton* (1967), 82 Ill. App. 2d 354, 227 N.E.2d 137, to support the argument that plaintiff's failure to file the return of summons deprived the trial court of jurisdiction over him. That decision is distinguishable from the matter before us in that it involved a question of whether a nonresident of Illinois had been served with summons. The court held that service and return on an out-of-State defendant must comply fully with the statutory requirements. The court noted that in service upon Illinois residents who happen to be out of the State, technical deficiencies can be overlooked if the defendant receives actual notice of the suit.

■■ Defendant contends that he is not an Illinois resident because he was incarcerated in a prison in Minnesota. We reject that contention. Illinois law is clear that "in order to establish a new residence, a person must abandon a former one and take up a new residence with an *animus manendi.*" (*Meyer v. Meyer* (1948), 333 Ill. App. 450, 459, 77 N.E.2d 556.) This court has held that affirmative acts done with necessary intent must be shown to establish abandonment of an Illinois residence. "Temporary absence, admittedly lengthy in this case, does not equate with abandonment." (*Davis v. Davis* (1973), 9 Ill. App. 3d 922, 926, 293 N.E.2d 399, *leave to appeal denied,* 53 Ill. 2d 607.) The record in the case at bar does not establish any acts on defendant's part which are indicative of intention to abandon his Illinois residence.

■■ Defendant states in his brief that he was served with summons while in prison in Minnesota. Furthermore, the return of the summons is now a part of the record in this case. The fact that defendant retained an attorney who repeatedly checked the court file tends further to establish that defendant had actual notice of the pendency of this cause. We therefore find that, in accordance with Supreme Court Rule 102, failure promptly to file the official return of service did not invalidate the summons or service thereof and the trial court had personal jurisdiction over defendant.

We next turn to contentions regarding defendant's motion for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). That statute provides for relief from final judgments after 30 days or more have elapsed. On September 27, 1974, defendant filed a motion to vacate the trial court's order of August 27, 1974. Since this motion was filed 31 days after judgment, we are, as shown above, required to treat it as a motion brought under section 72. That motion was denied by the trial court on March 17, 1975. On April 16, 1975, defendant filed a motion to reconsider. Among other things, this new motion contained the arguments that the trial court did not have jurisdiction over defendant because the return of service was not promptly filed and that the court had applied the law incorrectly in concluding that the driver of the car, Sheila Harris, was not covered by the policy plaintiff had issued to George Salter.

To vacate an *ex parte* judgment under section 72, a defendant must have a meritorious defense and must show that he exercised due diligence. (*Brown-Strauss Corp. v. Larson* (1974), 22 Ill. App. 3d 905, 317 N.E.2d 303.) In addition, "a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, * * *." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) It has been held that "justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence." *Diner's Club, Inc. v. Robert Gronwald* (1976), 43 Ill. App. 3d 164, 168, 356 N.E.2d 1261.

In the case before us, as shown above, defendant's attorney mistakenly assumed that the court had no jurisdiction over his client. While we do not agree with that interpretation of the law, we note that defendant filed his motion to vacate on the 31st day after judgment which was as soon as he was aware that the judgment was entered. Furthermore, as we will show, defendant had a strongly meritorious defense, which, if presented to the trial court, would necessarily have brought about a different result. There is some element of diligence by defendant disclosed by the allegations of this motion to reconsider. We cannot say that this record shows a complete lack of diligence and this record shows no prejudice to plaintiff. Also we are strongly impelled by the complete lack of legal merit in

plaintiff's position which lends equitable support to defendant's situation.

■■■ Concerning the merits of the case, we agree with defendant's contention that there is no basis in case law for the result reached here that the permissive driver of the automobile was not covered by the insurance policy issued to the owner of the car. Plaintiff does not discuss this issue in its brief, indicating that plaintiff does not disagree with this contention. "Illinois has long followed the rule that if the named insured has initially given permission to another to use the insured vehicle, a deviation from the authorized use does not serve to terminate the permission." (*Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 341, 297 N.E.2d 163. See also *United States Fire Insurance Co. v. Kendle* (1974), 23 Ill. App. 3d 531, 318 N.E.2d 644.) Based on this legal principle, we see no need to discuss defendant's contentions regarding factual issues. Under the cited authorities, it is irrelevant whether or not George Salter, owner of the car, gave express permission to his son to lend the car to Sheila Harris, the driver.

Finally, we see no merit in plaintiff's argument that this judgment should be affirmed because a reversal would not benefit defendant without reversal as to the remaining defendants. The estoppel principle reflected in the cases cited by plaintiff in this regard do not apply to this situation, as the judgments in the case at bar against Harris and Salter are not judgments against Alvin Jones. The question whether a reversal would, in fact enable defendant to recover in a personal injury action is not before this court and we will not consider it in deciding the issues presented in this appeal. The judgment appealed from is accordingly reversed as to defendant Alvin Jones.

Motion to dismiss appeal is denied; judgment reversed as to defendant Alvin Jones.

SIMON and O'CONNOR, JJ., concur.