Hugh **TAYLOR**, Appellant-Defendant,

v.

Ronald A. **LANDSMAN**,
Appellee-Plaintiff.

No. 3–1280A395.

Court of Appeals of Indiana,
Third District.

June 30, 1981.
Rehearing Denied Aug. 31, 1981.
See 425 N.E.2d 218.

Ind.App. 529, 274 N.E.2d 402.

John R. Frechette, Gildea, Long & Frechette, Professional Corp., Elkhart, for appellant-defendant.

Donald E. Esmont, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for appellee-plaintiff.

STATON, Judge.

Hugh Taylor appeals the granting of summary judgment in favor of Ronald A. Landsman in an action commenced by Landsman to enforce a default judgment rendered by an Illinois state court.

On appeal, Taylor raises the following issues for review:

(1) Did the trial court err in granting Landsman's motion for summary judgment?

(2) Did the trial court err in denying Taylor's motion for summary judgment?

Reversed.

In 1976, Landsman, an Illinois resident, filed a breach of contract action against Taylor, an Indiana resident, in the Circuit Court of Cook County, Illinois. The clerk of the Illinois court issued an alias summons which was to be served upon Taylor by the Sheriff's Department of St. Jo-

seph County, Indiana. The summons was returned as having been served. After Taylor failed to respond to Landsman's complaint, the Illinois court entered a default judgment against Taylor. Landsman thereafter filed a complaint to enforce the unsatisfied default judgment against Taylor in the Superior Court of St. Joseph County, Indiana. The Indiana trial court summarily disposed of the complaint in Landsman's favor. From that entry of summary judgment, Taylor commenced this appeal.[1]

The ultimate issue that must be resolved eventually is whether the Indiana trial court should have given full faith and credit to the default judgment rendered by the Illinois court. The Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1, requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter." *Nevada v. Hall* (1979), 440 U.S. 410, 421, 99 S.Ct. 1182, 1189, 59 L.Ed.2d 416, 425. The jurisdictional prerequisites to affording full faith and credit to a foreign judgment were recognized by this Court when it stated that "a judgment rendered in one state can be collaterally attacked in a second state when the original court was lacking in jurisdiction of either the subject matter or the person." *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind.App. 244, 246, 311 N.E.2d 640, 643. This appeal presents a collateral attack upon the Illinois judgment recovered by Landsman in 1976.

Taylor attacks the Illinois judgment on the basis that the Illinois court did not obtain personal jurisdiction over him before rendering the default judgment. Taylor contends personal jurisdiction was lacking

because he was not served with notice of the Illinois suit commenced by Landsman. Taylor's argument consists of a two-pronged attack: (1) he was not served personally with notice of the suit, and (2) Landsman's attempted use of the substituted service of process provision of the Illinois Civil Practice Act, which permits extraterritorial service of process upon a member of a nonresident-defendant's family at the defendant's out-of-state residence,[2] was defective. The Indiana trial court rejected Taylor's argument and found that the Illinois judgment was "entitled to full faith and credit by the courts of this state."

While the full faith and credit issue must be resolved eventually, the sole inquiry at this point of the appeal must be directed toward a narrower legal issue. This Court must determine whether the trial court's grant of Landsman's motion for summary judgment and its denial of Taylor's motion for summary judgment were proper. The trial court's judgment must be evaluated in accordance with the following rules regarding a Trial Rule 56 motion for summary judgment:

"A summary judgment is a procedure for applying the law to the facts, when there is no factual controversy. It is not a procedure for trying the facts and for determining the preponderance of the evidence... The party seeking a summary judgment has the burden of establishing that there are no genuine issues as to any material fact. Any doubt must be resolved against the movant... Even if the facts are not in dispute, a summary judgment is not appropriate when the information before the court discloses a good faith dispute as to the inferences to be drawn from these facts...

---

1. We note that Landsman failed to file his appellee's brief within the time limitation established by Appellate Rule 8.1(A), which provides that "[t]he appellee shall file his brief within thirty (30) days after the filing of the appellant's brief." Landsman tendered his brief 56 days after Taylor filed his brief. Landsman did not attempt to secure an extension of time in which to file his brief in accordance with Appellate Rule 14(A). Taylor filed a motion to strike Landsman's untimely ·brief, and this Court granted the motion. Thus, this appeal will be reviewed as if Landsman had failed to file an appellee's brief. As such, Taylor is entitled to reversal of the trial court's judgment if he demonstrates a *prima facie* showing of reversible error. *Sanders v. Kerwin* (1980), Ind.App. 413 N.E.2d 668, 669.

2. *See,* Ill.Rev.Stat. ch. 110, §§ 16 and ·13.2.

In determining whether to grant a motion for summary judgment, the court considers the facts set forth in the nonmoving party's affidavits as true and construes the products of discovery liberally in his favor... Pleadings, evidence, and inferences are to be viewed in a light most favorable to the party against whom the summary judgment is sought... Only if no issue as to a material fact is raised, may the court grant a summary judgment. To defeat such a motion, the opposing party only needs to show that a material fact is genuinely in issue...." (citations omitted)

*Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1183–84.

I.

Landsman's Motion

Taylor contends the trial court erred in granting Landsman's motion for summary judgment because a genuine issue of material fact existed as to whether Taylor was effectively served with notice of the Illinois suit commenced by Landsman. In support of his contention, Taylor relies upon conflicting affidavits which evidence a factual dispute regarding the manner of service employed by Landsman to give Taylor notice of the Illinois suit. This factual dispute, Taylor contends, was prematurely resolved when the trial court granted Landsman's motion for summary judgment.

An affidavit submitted by Taylor indicated that the first time he learned of the Illinois suit was when he received notice of the Indiana suit filed in the St. Joseph Superior Court by Landsman to enforce the default judgment that he recovered in Illinois. Taylor further stated that he did not find at his residence a copy of the alias summons issued by the clerk of the Illinois court, nor did he receive a copy of the alias summons through the mail. An affidavit submitted by Taylor's wife attested to the same facts stated in Taylor's affidavit. The facts set forth in the Taylor's affidavits were contradicted by an affidavit submitted

by Patrolman Tom Sherron of the St. Joseph County Sheriff's Department. Sherron stated that on August 31, 1976, he served Mrs. Taylor with legal notice of the Illinois suit commenced by Landsman. The service took place at the Taylors' residence in Osceola, Indiana, and Mrs. Taylor was informed of the contents of the notice. Sherron further stated that he mailed a copy of the alias summons to Taylor after Sherron had served Mrs. Taylor.[3]

 The conflicting affidavits clearly evidence a factual dispute that was before the trial court for its resolution. However, as stated previously, a summary judgment motion is an improper vehicle for the resolution of conflicting facts. A genuine issue of material fact—whether service of process was effected—remained in dispute. The facts set forth in Taylor's affidavit, which must be considered as true when evaluating Landsman's motion for summary judgment, indicated that Taylor did not receive notice of the Illinois suit. This fact alone precluded the trial court from summarily disposing of Landsman's complaint. Thus, the trial court erred in granting Landsman's motion for summary judgment.

The conclusion reached by this Court is supported by *Podgorny, supra,* in which this Court, in a scholarly opinion written by Judge Garrard, addressed a legal issue identical to that in the present case. In *Podgorny,* an Indiana resident challenged the granting of summary judgment in favor of an Illinois resident on a complaint to enforce a default judgment recovered by the Illinois resident in an Illinois state court. The Indiana resident contended that the Illinois court failed to obtain personal jurisdiction over him because the extraterritorial service of process was not effected in accordance with the provisions of Ill.Rev. Stat. ch. 110, §§ 16 and 13.2, of the Illinois Civil Practice Act. An affidavit, similar to that filed by Taylor in the present case, was filed by the Indiana resident in *Podgorny.* The Indiana resident stated that he re-

**3.** Service of process upon Mrs. Taylor was intended to comply with the substituted service provisions of Ill.Rev.Stat. ch. 110, §§ 16 and 13.2.

ceived no notice of the Illinois suit. The trial court rejected the Indiana resident's contention and entered summary judgment in favor of the Illinois resident. In reversing the trial court's grant of summary judgment, this Court stated:

"[I]n the summary judgment proceeding before us, Podgorny's affidavit that he received no notice must be taken as true. His lack of actual notice then supports an inference that the provisions for substituted service were not properly complied with, since the whole concept of substituted service constituting personal rather than constructive service, is that if the provisions for substituted services are met, the party is so reasonably likely to receive actual notice that the requirements of due process are fulfilled.

"Thus, when we construe these answers liberally in his favor and resolve all doubt *against* Great Central, as we must also do, we must conclude that the issue is presented as to whether, in fact, substituted service was properly made. The record does not affirmatively demonstrate that it was, and summary judgment was therefore erroneous." (emphasis original)

160 Ind.App. at 255–56, 311 N.E.2d at 648. The similarity between *Podgorny* and the present case necessitates that the same conclusion be reached in both cases. Therefore, this Court concludes the trial court erred in granting Landsman's motion for summary judgment.

## II.

### Taylor's Motion

Taylor contends the trial court erred in denying his motion for summary judgment because the Illinois judgment was not entitled to full faith and credit as a matter of law. Taylor supports his contention by citing to undisputed facts in the record which indicate that he did not receive notice of the Illinois suit in accordance with the extraterritorial service of process provisions of Ill. Rev.Stat. ch. 110, § 16. This defect in service, Taylor contends, precluded the Illinois court from obtaining personal jurisdiction over him under any circumstances.

Before addressing Taylor's argument, it must be noted that this Court's conclusion that the existence of genuine issues of material fact precluded the trial court from granting Landsman's motion for summary judgment does not necessarily preclude the granting of Taylor's motion for summary judgment. The following rule must be kept in mind:

" '[D]espite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation.' *Stuteville v. Downing* [(1979), Ind.App., 391 N.E.2d 629, 631], citing *Hayes v. Second Nat. Bank of Richmond* (1978), Ind.App., 375 N.E.2d 647."

*Lane v. Barringer* (1980), Ind.App., 407 N.E.2d 1173, 1175. Therefore, the existence of disputed facts in the present case does not preclude summary disposition of Taylor's motion for summary judgment if some undisputed fact requires the entry of judgment in Taylor's favor as a matter of law.

The resolution of the full faith and credit issue is once again facilitated by this Court's opinion in *Podgorny, supra.* In determining whether a foreign court obtained personal jurisdiction over an Indiana resident, this Court stated:

"[W]e must look to the law of the rendering state. If under the law of Illinois there was such a defect in process as to render the judgment void there, it is void here also. *Kniffen v. Courtney* (1971), 148 Ind.App. 358, 266 N.E.2d 72."

*Podgorny, supra,* 160 Ind.App. at 248, 311 N.E.2d at 644. Quoting from the Restatement of Judgments § 8, comment *b* (1942), this Court further observed that whether service of process was properly effected is

"a question of the local law of the State in which the judgment is rendered. If by that law the judgment is valid, it cannot be collaterally attacked in that State or in another State. If by that law the judgment is not merely erroneous but is void, it is subject to collateral attack in that State or in another State."

160 Ind.App. at 249, 311 N.E.2d at 644. Thus, to determine the merit of Taylor's argument, Illinois law must be examined to ascertain whether proper service of process was effected.

Landsman employed the substituted service of process provision of Ill.Rev.Stat. ch. 110, § 16, as it relates to extraterritorial service upon nonresidents of Illinois. In 1976, section 16 provided:

"(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

"(2) The service of summons shall be made in like manner as service within this State, by any person over 21 years of age not a party to the action. No order of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made.

"(3) No default shall be entered until the expiration of at least 30 days after service. A default judgment rendered on such service may be set aside only on a showing which would be timely and sufficient to set aside a default judgment rendered on personal service within this State."

The "Historical and Practice Notes" which accompany § 16 state:

"The term 'personal service' in this section encompasses both methods of service 'upon an individual' prescribed in section 13.2 of this chapter. Therefore, as service outside the state 'shall be made in like manner as service within this state' the methods prescribed in section 13.2 are applicable here. So, too, a copy of the complaint must be attached to the summons (Supreme Court Rule 104, Ch. 110A, § 104). However, contrary to the provisions respecting service within the state (§ 13.1 of this chapter), no order of court is required to employ as the process server, 'any person', as distinguished from an officer. All that is required is that the server be over the age of 21. (Compare Ill.Rev.Stat. 1931, ch. 22, par. 14.)."

The "section 13.2" referred to above is Ill. Rev.Stat. ch. 110, § 13.2, and it provides in pertinent part:

"(1) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (a) by leaving a copy thereof with the defendant personally or (b) by leaving a copy at his usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. The certificate of the officer or affidavit of the person that he has sent the copy in pursuance of this Section is evidence that he has done so.

"(2) The officer, in his certificate or in a record filed and maintained in the Sheriff's office, or other person making service, in his affidavit or in a record filed and maintained in his employer's office, shall (a) identify as to sex, race and approximate age the defendant or other person with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant or other person."

Landsman used the substituted service provisions of §§ 16 and 13.2 to serve Taylor with notice of the Illinois suit. He employed the St. Joseph County Sheriff's Department to serve the alias summons upon Taylor at his Indiana residence. It appears from the record that Patrolman Sherron served the summons and issued the following return of service:

"This writ came to hand August 30, 1976 at 3:45 P.M.

Served the within named Hugh Taylor by leaving a true copy at 30957 Dogwood Dr, Osceola mailing address, but located in Elkhart County, and by mailing a true copy to 30957 Dogwood Dr. Osceola, Indiana 46561

Done this August 31, 1976 at 4:20 P.M."

This return of service was not accompanied by the affidavit of service required by §§ 16(2) and 13.2(2). Taylor challenges the efficacy of this form of service.

■■■ An examination of Illinois law reveals that the provision of § 16(2) which requires that "[a]n affidavit of the server shall be filed stating the time, manner and place of service" must be satisfied fully. In *Wells v. Braxton* (1967), 82 Ill.App.2d 354, 227 N.E.2d 137, an Illinois court construed this provision of § 16(2) as follows:

"[I]t is clear that service and return on an out-of-state defendant must comply fully with the statutory requirements. The statute requires that an affidavit of the server of summons *accompany* the return, showing the time, manner and place of service. No such affidavit was filed as to service on Braxton. Although the statute in point allows consideration of evidence as well as this affidavit, here there was nothing of sufficient merit to allow the court to conclude that Braxton had been properly served." (emphasis added) 82 Ill.App.2d at 363, 227 N.E.2d at 142. While § 16(2) permits the consideration "of any other competent proofs" in determining whether service has been properly effected, it is clear that *Wells* construed that provision as empowering a court to consider evidence of service *in addition to* the server's affidavit of service which was filed *contemporaneously* with the return of service. The court in *Wells* concluded its analysis of § 16(2) by stating that "it was apparent to the court that no affidavit had accompanied the return of service, and that such service was, therefore *deficient on its face*." (emphasis added). 82 Ill.App.2d at 363, 227 N.E.2d at 142. Thus, the absence of an accompanying affidavit of service renders the return of service defective as a matter of law.

■■ In the present case, Sherron's affidavit of service did not accompany the return of service as required by § 16(2) and *Wells*. Sherron's affidavit of service was filed nearly *four years* after he purportedly served Mrs. Taylor with the alias summons. This belated attempt to satisfy the statutory requirements of § 16(2) must fail. Illinois courts have long required strict adherence to the statutorily prescribed manner for service of process. *Werner v. W. H. Shons Co.* (1930), 341 Ill. 478, 481, 173 N.E. 486, 488; *The Clinton Co. v. Eggleston* (1979), 78 Ill.App.3d 552, 555, 33 Ill.Dec. 850, 853, 397 N.E.2d 183, 186; *Chiaro v. Lemberis* (1960), 28 Ill.App.2d 164, 171, 171 N.E.2d 81, 85; *Tomaszewski v. George* (1953), 1 Ill.App.2d 22, 27, 116 N.E.2d 88, 90. Strict adherence to the technical requirements of § 16 is a necessity when substituted service of process is attempted upon a non-resident of Illinois. *People v. Mickow* (1978), 58 Ill.App.3d 780, 783, 16 Ill.Dec. 306, 308, 374 N.E.2d 1081, 1083; *Wells, supra*, 82 Ill. App.2d at 363, 227 N.E.2d at 142. The following comment made in the 1980 "Supplement to Historical and Practice Notes" of § 16 evidence the intent of Illinois courts to strictly enforce the technical requirements of § 16 when substituted service of process is attempted upon a nonresident of Illinois:

"In *Coronet Ins. Co. v. Jones*, 45 Ill. App.3d 232, 3 Ill.Dec. 909, 359 N.E.2d 768, (1st Dist. 1977) the court read *Wells v. Braxton* as laying down a rule applicable only when service is attempted on an out-of-state defendant and held that out-of-state service on an Illinois resident who had actual knowledge of the suit was properly effected even though the plaintiff failed to file the officer's return of service of the summons until almost one year after service. The court pointed out that under Supreme Court Rule 102(d) (Ill.Rev.Stat. Ch. 110A § 102(d)) the failure to file does not invalidate the summons or its service."

The court in *Coronet Insurance* made the following observation about its holding in *Wells*:

"[*Wells*] involved a question of whether a nonresident of Illinois had been served with summons. The court held that service and return on an out-of-state defendant must comply fully with the statutory requirements. The court noted that in service upon Illinois residents who happen to be out of the state, technical deficiencies can be overlooked if the defendant receives actual notice of the suit."

45 Ill.App.3d at 237, 3 Ill.Dec. at 913, 359 N.E.2d at 772. The import of the court's decision in *Coronet Insurance* is that technical deficiencies in service of process upon nonresidents *cannot* be "overlooked." Thus, Sherron's failure to file an affidavit of service when he filed the return of service leads this Court to conclude that service of process was not effected in accordance with Illinois law.

An Illinois court recently held:

"A court acquires jurisdiction over a person only after proper service of summons ... Because service of summons was improper in this case, the court below had no jurisdiction to enter the default judgment. A judgment entered without jurisdiction over the defendant is void." (citations omitted)

*LaMotte v. Constantine* (1980), 92 Ill.App.3d 216, 48 Ill.Dec. 128, 416 N.E.2d 23, 25. In *Podgorny, supra,* this Court stated:

"If under the law of Illinois there was such a defect in process as to render the judgment void there, it is void here also . . . ."

160 Ind.App. at 248, 311 N.E.2d at 644. It is an *undisputed* fact that Sherron failed to file an accompanying affidavit of service as required by § 16(2) and *Wells.* This fact renders the return of service deficient on its face. Regardless of other facts that may have been in dispute, the trial court had before it uncontroverted evidence that indicated the Illinois court did not obtain personal jurisdiction over Taylor before the court rendered the default judgment. As a matter of law, the Illinois judgment is void and therefore is not entitled to full faith and credit in Indiana courts.

The trial court's grant of Landsman's motion for summary judgment and its denial of Taylor's motion for summary judgment are reversed. This matter is remanded to the trial court with instructions to enter summary judgment in Taylor's favor.

Reversed and remanded with instructions.

HOFFMAN, P. J., and GARRARD, J., concur.