Hugh TAYLOR, Appellant-Defendant,

v.

Ronald A. LANDSMAN, Appellee-Plaintiff.

No. 3–1280A395.

Court of Appeals of Indiana, Third District.

Aug. 31, 1981.

---

John R. Frechette, Gildea, Long & Frechette, Professional Corp., Elkhart, for appellant-defendant.

Donald E. Esmont, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for appellee-plaintiff.

## ON PETITION FOR REHEARING

STATON, Judge.

On June 30, 1981, 422 N.E.2d 403, this Court held that a default judgment recovered by Ronald A. Landsman against Hugh Taylor in the Circuit Court of Cook County, Illinois, was void as a matter of law and was not entitled to full faith and credit in Indiana courts. The uncontroverted facts in the record revealed that the Illinois state court did not obtain personal jurisdiction over Taylor because service of process was not effected in accordance with Illinois law. The specific defect that existed was that the server's affidavit of service was not filed contemporaneously with the return of service as required by Ill.Rev.Stat. ch. 110, § 16(2) and *Wells v. Braxton* (1967), 82 Ill.App.2d 354, 227 N.E.2d 137. Based upon this undisputed failure to comply with Illi-

nois law, this Court remanded this action with instructions to enter summary judgment in Taylor's favor.

In his petition for rehearing, Landsman contends this Court erred in ordering the entry of summary judgment in Taylor's favor. To support his contention, Landsman cites Illinois Supreme Court Rule 102(d) [Ill. Rev.Stat. ch. 110A, § 102(d)], which provides in pertinent part:

"The officer or person making service shall make a return by filing proof of service immediately after service on all defendants has been had, . . . Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had."

Landsman contends that under Rule 102(d), technical deficiencies in the return of service do not deprive the trial court of personal jurisdiction over the defendant if the defendant receives actual notice of the suit. Landsman contends the untimely filing of the affidavit of service constituted a technical defect and that a genuine issue of fact existed as to whether Taylor had actual notice of the Illinois suit filed by Landsman. Thus, it is Landsman's position that summary disposition of the issue in Taylor's favor is erroneous.

Our research reveals that Rule 102(d) has been construed recently to hold that the failure to make a return of service or the filing of a defective return of service does not render a default judgment void as a matter of law. *Clemmons v. Travelers Insurance Co.* (1980), 88 Ill.App.3d 201, 209, 43 Ill.Dec. 445, 410 N.E.2d 445, 451. Under the provisions of Rule 102(d), the failure to timely file the server's affidavit of service required by § 16(2) does not invalidate the summons or its service if extraterritorial service is attempted upon an Illinois resident. *Coronet Insurance Co. v. Jones* (1977), 45 Ill.App.3d 232, 237, 3 Ill.Dec. 909, 359 N.E.2d 768, 772. However, when § 16 is invoked to effect extraterritorial service upon a nonresident of Illinois, the technical requirements of § 16 must be satisfied fully. *Wells, supra,* 82 Ill.App.2d at 363, 227

N.E.2d at 142; *cf., People v. Mickow* (1978), 58 Ill.App.3d 780, 782, 16 Ill.Dec. 306, 374 N.E.2d 1081, 1083 (no personal jurisdiction over nonresident defendant in the absence of strict compliance with another provision of § 16(2)). As interpreted by the court in *Coronet Insurance, supra*, 45 Ill.App.3d at 237, 3 Ill.Dec. at 913, 359 N.E.2d at 772, the *Wells* case holds that the technical deficiencies in the return of service, such as the ones that appeared and were overlooked in *Clemmons* and *Coronet Insurance*, cannot be disregarded when extraterritorial service is attempted upon a nonresident defendant. The policy behind the rule appears to be that nonresidents, because of their limited contact with the jurisdiction, are entitled to the additional protection of strict compliance with the technical requirements of § 16. Adherence to the provisions of § 16 avoids the frequent pitfalls associated with the entry of default judgments against nonresidents. Thus, the provision of Rule 102(d) quoted above affords no relief to a plaintiff who employs § 16 in attempting to serve a nonresident of Illinois. In the absence of strict compliance with the dictates of § 16, personal jurisdiction over a nonresident defendant is lacking.

In the present case, personal jurisdiction was not obtained over Taylor because the server's affidavit of service was not filed contemporaneously with his return of service as required by § 16(2). This uncontroverted fact renders void the default judgment recovered in Illinois and thus necessitates the entry of summary judgment in Taylor's favor as a matter of law. This Court's opinion of June 30, 1981, is therefore affirmed in all respects.

Petition for rehearing denied.

HOFFMAN, P. J., and GARRARD, J., concur.