ANTHONY CLEMMONS, Plaintiff-Appellee, *v.* TRAVELERS INSURANCE CO., Defendant-Appellant.

Third District    No. 80-46

Opinion filed September 4, 1980.—Rehearing denied October 6, 1980.

Phillip B. Lenzini and Eugene L. White, both of Peoria, for appellant.

Gary L. Clark and Michael Cullinan, both of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant Travelers Insurance Company appeals from an order of the Circuit Court of Peoria County striking defendant's affirmative defense raised in its amended answer and granting summary judgment in favor of the plaintiff, Anthony Clemmons. For the following reasons, we affirm.

This litigation had its inception in an automobile accident which occurred in the city of Peoria on August 25, 1975. On that date, Dennis L. Reed, while operating an automobile owned by the American Red Cross, was involved in an automobile accident with Peoria police officer Edward E. Olehy. The plaintiff in the instant case, Anthony Clemmons, was a passenger in the Reed vehicle. At the time of the accident, the American Red Cross was an insured under an automobile liability insurance policy issued by the Travelers Insurance Company. The policy defined "Persons Insured" under the policy as any person driving an owned or hired automobile with the permission of the named insured, *i.e.*, Red Cross.

On July 22, 1977, Olehy filed a personal injury action in the Circuit Court of Peoria County against both Reed and Red Cross, seeking $15,000 in damages from each defendant for injuries sustained in the automobile accident (no. 77L2976). Red Cross subsequently moved for summary judgment on the grounds that at the time of the accident Reed was on a frolic of his own, was using the Red Cross vehicle without permission, and consequently Red Cross could not be held to be vicariously liable as a matter of law under a theory of respondeat superior. On March 16, 1979, Red Cross' motion for summary judgment was granted.

On June 21, 1977, Clemmons filed a personal injury suit against Reed in the Circuit Court of Peoria County (no. 77L2478). In his complaint, Clemmons alleged, *inter alia*, that the automobile in which he was a passenger was owned by the American Red Cross. On February 2, 1978, Reed was served with a summons and a copy of the complaint in no. 77L2478 by Clemmons' attorney, Michael Cullinan, who had previously been formally appointed by the court to effectuate service upon Reed. Reed subse-

quently delivered to Travelers Insurance Company at its Peoria office a copy of the complaint in no. 77L2478, the summons, and a note stating "this involves the accident I had, when I was working for the Red Cross". On February 23, 1979, Travelers sent a letter to Reed stating "There is no coverage under their [Red Cross's] policy with this Company that would protect you in this matter, since you were using an American National Red Cross vehicle *without permission.*" (Emphasis in original.) Accompanying this letter was the summons and the copy of Clemmons' complaint. On May 4, 1979, a default judgment was entered against Reed in the amount of $100,000.

On June 4, 1979, Clemmons brought the instant action against Travelers, seeking to garnish the proceeds of the automobile liability insurance policy issued to Red Cross. In his complaint, the plaintiff alleged that at the time of the accident on August 26, 1975, he was a passenger in the automobile owned by Red Cross and driven by Reed; that Travelers was the insurer of Red Cross; that suit was filed by plaintiff against Reed in the Circuit Court of Peoria County (no. 77L2478); "that the allegations in the Complaint fell within or potentially within the coverage of the Travelers policy"; that Travelers failed to defend Reed in any respect; that a $100,000 default judgment was entered against Reed; and that as a consequence plaintiff was entitled to proceeds of the insurance policy issued by Travelers in satisfaction of the default judgment. The defendant's motion to dismiss the plaintiff's complaint was denied, and an affirmative defense of collateral estoppel based upon the summary judgment entered in the Olehy litigation (no. 77L2976) was stricken from defendant's amended answer. On November 13, 1979, summary judgment was entered for plaintiff in the amount of $100,000 plus interest. A subsequent motion by defendant to vacate or modify the summary judgment was denied, and this appeal taken.

The first issue raised by the defendant on appeal concerns the propriety of the denial of its motion to dismiss plaintiff's complaint. On this issue we believe the case of *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123, to be dispositive. Because *Sims* is controlling, we will examine it in some detail.

In *Sims*, Edward Ruark was injured when a truck driven by Sims in which Ruark was a passenger was involved in an accident. Ruark subsequently brought a personal injury action against Sims. Sims' liability insurer, Illinois National Casualty Company, refused to defend him on the grounds that Ruark was an employee of Sims engaged in the employment of the insured at the time of the accident and consequently not covered pursuant to a policy exclusion (43 Ill. App. 2d 184, 189, 193 N.E.2d 123, 125). Sims employed private counsel, and a judgment was rendered in favor of Ruark at a trial on the merits. Ruark then commenced garnishment

proceedings against the insurer to recover the proceeds of the insurance policy On appeal from a judgment in favor of the insurer, the plaintiff contended that the insurer "was obligated, under the terms of its policy of insurance with Sims, to defend Sims in the suit by Ruark and that having breached its contract in this regard it is liable for the full amount of the judgment with interest." 43 Ill. App. 2d 184, 189, 193 N.E.2d 123, 125.

After analyzing a number of authorities, the court stated that "the generally recognized doctrine is that the insurer is under a duty to defend a suit against an insured where the petition or complaint in such suit alleges a state of facts within the coverage of the policy." (43 Ill. App. 2d 184, 192, 193 N.E.2d 123, 126.) The court then went on to state:

> "Applying the foregoing to the allegations of the original complaint in the case at bar it is to be noted at the outset that it is our opinion that Ruark's complaint against Sims stated a cause of action. It alleged that Ruark was a 'passenger' in Sims' motor vehicle and that Sims was negligent and that he, Ruark, was exercising due care for his own safety. There is nothing in these allegations that would suggest an exclusion from coverage under the policy. It may be argued that by the same token these allegations do not negative the possibility that Ruark might be a passenger in the motor vehicle and at the same time be an employee of Sims engaged in his employment. Even in such a situation the insurer is obligated to defend if there is, *potentially*, a case under the complaint within the coverage of the policy. See cases 50 A.L.R. 2d 504 and Sears, Roebuck & Co. v. Travelers Ins. Co., 261 F.2d 774; George H. Wolff Sons, Inc. v. Aetna Cas. & Surety Co., 286 F.2d 862; Sears, Roebuck & Co. v. Liberty Mutual Insurance Co., 199 F.Supp. 769; Brooklyn & Queens Allied Oil Burner Service Co. v. Security Mut. Ins. Co., 27 Misc.2d 401, 208 N.Y.S.2d 259. In the last cited case the court said:
>
>> 'It is well settled that it is the obligation of the insurer to defend an action brought against its insured where the complaint in that action alleges a state of facts within the coverage of the policy, irrespective of the ultimate liability of the insured. (Citing cases.) Moreover, even where it appears, as here, that the complaint in such an action does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the liability policy, the insurer is nonetheless obliged to defend the action if there is, *potentially*, a case under the complaint within the coverage of the policy; or, stated in other words, where there is doubt as to whether or not the allegations of the complaint in the action

against the insured state a cause of action within the coverage of the policy sufficient to compel the insurer to defend the action, such doubt will be resolved in favor of the insured (citing cases). (Emphasis ours.) The fact that the insurer is possessed of information, whether obtained from its insured or from other sources, which may show the claim against the insured to fall outside the coverage of the policy is, in this regard, of no consequence. (Citing cases.)' " 43 Ill. App. 2d 184, 192-93, 193 N.E.2d 123, 126-27; accord, *Palmer v. Sunberg* (1966), 71 Ill. App. 2d 2, 217 N.E.2d 463.

■■■ In the instant case, therefore, the pivotal question is whether there is, *potentially*, a case under Clemmons' complaint against Reed (no. 77L2478) within the coverage of the insurance policy issued by Travelers. Clemmons' complaint alleges that at the time of the accident he "was a passenger in an automobile which was owned by the American Red Cross and which was being driven * * * by the Defendant, DENNIS REED." We believe that these allegations are sufficient to raise the issue of potential coverage under the Travelers policy issued to Red Cross and to impose upon the insurer the duty to defend Reed in Clemmons' personal injury suit. By failing to afford a defense for Reed, Travelers breached its contract of insurance and exposed itself to liability for the amount of the default judgment entered against Reed. (*Sims.*) To state a cause of action against the insurer to recover the proceeds of the insurance policy, Clemmons was obligated to state in his complaint against Travelers that he had previously filed a complaint against Reed, the allegations of which raised potential coverage under the policy issued by the insurer; that the insurer had refused to defend the suit; and that a judgment was entered against Reed (*Sims*, 43 Ill. App. 2d 184, 198, 193 N.E.2d 123, 129). Clemmons' complaint against Travelers clearly makes these allegations, and as such states a cause of action. Despite the defendant's contention that Clemmons' complaint against Travelers must allege that Reed was driving the Red Cross automobile with the permission of the named insured in order for it to state a cause of action against the insurer (see *Soukup v. Halmel* (1934), 357 Ill. 576, 192 N.E. 557; *Hays v. Country Mutual Insurance Co.* (1963), 28 Ill. 2d 601, 192 N.E.2d 855), his allegation in his complaint against Travelers that the allegations of his complaint against Reed in no. 77L2478 "fell within or potentially within the coverage of the Travelers policy" is sufficient, as such an allegation impliedly denies noncoverage for any reason, including lack of permission by the named insured.

The defendant attempts to distinguish *Sims* on the grounds that the instant case involves the definition of an insured under the policy, whereas *Sims* involved an interpretation of an exclusionary clause. It contends that although a duty to defend an insured exists under *Sims* even in those

instances in which an exclusionary clause may preclude coverage, no such duty to defend exists where the defendant does not fall within the policy definition of an insured. We recognize the distinction drawn by the defendant. However, we do not believe it mandates a result contrary to *Sims*. The plaintiff's complaint against Reed in this case, like Ruark's complaint in *Sims*, contained allegations bringing the case within the potential coverage of the insurer's policy. As such, the insurer was under a duty to defend. There is no difference in substance between a denial of coverage based upon a policy definition of insured which excludes a defendant under the particular facts of a case and a denial of coverage based upon the operation of an exclusionary clause. In either case the result is exactly the same, *i.e.*, no coverage under the policy. The responsibility of an insurer to afford a defense in light of potential coverage is not to hinge upon the manner in which policy drafters have sought to avoid such coverage.

■■ The defendant's second contention is that its affirmative defense of collateral estoppel raised in its amended answer should not have been stricken by the trial court. In its affirmative defense, the defendant alleged that as a result of the summary judgment in favor of Red Cross in the Olehy litigation (no. 77L2976), it had been determined that Reed had been driving the Red Cross vehicle without permission and consequently Clemmons was estopped from relitigating the issue. "The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privy to one who was a party." (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 438, 187 N.E.2d 217, 219.) Here, Clemmons was neither a party in the Olehy suit, nor was he a privy to any party involved in the Olehy litigation. "A privy to a judgment is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto [citations]. Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of the prior litigation." (*Smith*, 26 Ill. 2d 434, 438, 187 N.E.2d 217, 219.) The Olehy litigation involved a personal injury action against Reed and Red Cross. The instant action is a garnishment proceeding brought by Clemmons to recover the proceeds of the Travelers policy. The subject matter of the Olehy litigation is not, therefore, the same as the subject matter of the litigation in the case at bar. In addition, Clemmons' right to the proceeds of the policy is not mutual with, nor successive from, the right of any party involved in the Olehy lawsuit. We therefore hold that the doctrine of collateral estoppel is inapplicable to the facts of this case, and the trial court did not err in striking the defendant's affirmative defense.

■■ The third issue raised by the defendant on appeal concerns the propriety of the summary judgment entered in plaintiff's favor. Our reliance on *Sims* easily disposes of this issue. We have previously found that be-

cause Clemmons' complaint against Reed in no. 77L2478 alleged facts potentially within the coverage of the insurance policy issued by the defendant, Travelers was obligated to defend Reed. Further, the decision to forsake a defense for Reed, reached by the insurer prior to the entry of summary judgment for Red Cross in the Olehy litigation, was clearly unjustified. "Another major effect of the insurer's wrongful failure to defend is to estop the insurer from later raising policy defenses or non-coverage in a subsequent action by the insured or by a judgment creditor in garnishment. *Palmer v. Sunberg* (1966), 71 Ill. App. 2d 22, 217 N.E.2d 463; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123; G. Crouch, Insurance secs. 51:66, 51:69 (2d ed. 1965)." (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 145, 384 N.E.2d 335, 340.) Because Travelers is estopped from raising the defense of noncoverage as a result of its wrongful failure to defend, no genuine issues of material fact remain in the instant case. As a consequence the entry of summary judgment in favor of Clemmons was proper here.

■■■ Travelers next contends that because service upon Reed by attorney Cullinan in the Clemmons v. Reed case (no. 77L2478) was improper, the default judgment entered against Reed was either void or voidable, and consequently Clemmons cannot now maintain the garnishment action against Travelers based upon that judgment. "A garnishee defendant has the right and duty to show as a defense in the garnishment proceedings that the principal judgment upon which the garnishment proceedings are based is void for want of the court's jurisdiction over the principal defendant." (*Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 169, 171 N.E.2d 81.) The defendant's basic contention is that service by attorney Cullinan upon Reed was improper because Cullinan, as Clemmons' attorney, was an "interested person" in the Clemmons suit against Reed. In support, the defendant relies primarily upon *Gocheff v. Breeding* (1977), 53 Ill. App. 3d 608, 368 N.E.2d 982. *Gocheff*, however, is factually distinguishable. In that case, the Fifth District found that a default judgment entered against the defendant was void because service upon him was made by the plaintiff in direct contravention of section 13.1(1) of the Civil Practice Act, which provides that the court may appoint a private person to make service provided that person is over 18 years of age and not a party to the action (Ill. Rev. Stat. 1973, ch. 110, par. 13.1(1)). In this case, service upon Reed was not made by a party to the action. Despite defendant's protestations to the contrary, Clemmons' attorney, as an officer of the court, was "a wholly disinterested person" in the Clemmons v. Reed action, whose appointment by the trial court violated neither section 13.1(1) of the Civil Practice Act nor precodification case law governing the appointment of process servers (see *People ex rel. Lafferty v. Feicke* (1911), 252 Ill. 414, 96 N.E. 1052; *Tallon v. Schempf* (1873), 67 Ill. 472). This is not to say that service by a party's attorney is never to be

scrutinized. Certainly, in some cases an attorney may in fact be less than "wholly disinterested" in the suit. In those cases the service by that attorney should be invalidated. However, we will not adopt a per se rule which will forever preclude a litigant's attorney from appointment as a process server. In the absence of evidence that the attorney who acted as a process server was an "interested person" in the litigation, service by a litigant's attorney upon another party to the suit is not improper.

● 7 The defendant also contends that the return of service by Cullinan was defective, and as a result the trial court was deprived of jurisdiction in no. 77L2478. Cullinan's return merely stated that he personally served Reed with a copy of the summons and the complaint on February 2, 1979. Although the return does not include all the requirements set forth in section 13.2(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 13.2(2)), we do not believe that this insufficiency renders the default judgment entered against Reed void. Under Supreme Court Rule 102(d), the failure to make a return "does not invalidate the summons or the service thereof, if had" (Ill. Rev. Stat. 1977, ch. 110A, par. 102(d)). If the failure to make a return does not invalidate service, certainly an improper return, which we consider to be considerably less egregious, should not merit such a result.

The defendant's final contention is that the trial court erred in refusing to grant its motion for judgment filed subsequent to the entry of summary judgment for plaintiff. The defendant's argument in its brief on this issue is basically a reiteration of its previous arguments raised on appeal. Insofar as our opinion fully disposes of these issues, we believe any further discussion to be unnecessary. The trial court did not err in denying defendant's motion.

■■ We note, as did the court in *Sims*, that the result in this case is harsh. However, in cases in which an insurer believes a policy does not provide coverage, its options are clear. It may either seek a declaratory judgment as to its obligations and rights, or defend the alleged insured under a reservation of rights. (*Sims*, 43 Ill. App. 2d 184, 199, 193 N.E.2d 123, 130; *Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287.) We realize that insurers may consider these options to be undesirable. However, had the defendant opted to either seek a determination of its rights under the policy or defend under a reservation of rights, it would not now be liable to plaintiff in the amount of $100,000 under a policy which in all probability may not have afforded coverage under the facts.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.