ROBERT G. AYRES, Plaintiff-Appellant, *v.* BITUMINOUS INSURANCE CO., Defendant-Appellee.

Third District    No. 81-57

Opinion filed August 5, 1981.

34

James J. Elson, of Canton, for appellant.

Ross E. Morris, of Lewiston, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff Robert G. Ayers appeals from a declaratory judgment of the circuit court of Fulton County in favor of defendant insurer Bituminous Insurance Company.

We affirm.

The facts of this case are as follows. On March 20, 1976, plaintiff Robert Ayers was driving a car owned by Kirk Carmack when he was involved in an automobile accident with Leonard Overcash near Canton, Illinois. Almost two years later, Overcash filed a personal injury action against Ayers in the circuit court of Fulton County. Ayers requested defendant Bituminous Insurance Company to defend him in the Overcash litigation. Bituminous was the insurer under an automobile liability insurance policy issued to Kirk Carmack, which defined a "person insured" under the policy as any person driving the owned automobile with the permission of the named insured. Bituminous declined to tender a defense for Ayers, however, taking the position that an independent investigation had revealed that at the time of the accident with Overcash's vehicle Ayers was driving Carmack's car without his permission. Ayers then brought the subject declaratory judgment action against Bituminous, seeking a judicial determination that he had been driving Carmack's car with Carmack's permission at the time the accident occurred, and consequently should be afforded coverage by the Bituminous policy. Bituminous subsequently filed an answer and a third-party complaint joining tort plaintiff Overcash. In both its answer and third-party complaint, defendant sought the issuance of a favorable declaratory judgment. Following a hearing where conflicting testimony was introduced on the

issue of permission, the circuit court entered judgment for the defendant insurer.

■■ On appeal, plaintiff Ayers contends that because tort plaintiff Overcash's personal injury complaint against him raised the possibility of policy coverage, the insurer was legally obligated to afford him a defense. According to plaintiff, Bituminous' refusal to defend estopped it from claiming noncoverage under the policy issued to Carmack in the declaratory judgment proceeding. We find this contention to be without merit. It is well settled law that when a complaint is filed against an insured (or alleged insured) which raises the possibility of coverage under a policy of insurance, and the insurer believes that a defense to the policy exists, two options are available to the insurer: "seek a determination of its rights under the policy or defend under a reservation of its rights * * *." (*Clemmons v. Travelers Insurance Co.* (1980), 88 Ill. App. 3d 201, 209, 410 N.E.2d 445, 451, *appeal allowed* (1981), 82 Ill. 2d 583; accord *Consolidated Rail Corp. v. Liberty Mutual Insurance Co.* (1981), 92 Ill. App. 3d 1066, 416 N.E.2d 758; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123.) If the insurer fails to exercise either of these two options and refuses to defend an insured who ultimately incurs an adverse judgment, it is estopped from raising noncoverage as a defense to an action brought to recover the policy proceeds. Here, however, the insurer utilized the first of the two options afforded by *Sims, Clemmons* and progeny, and sought a determination of its rights under the policy pursuant to the declaratory judgment procedure (Ill. Rev. Stat. 1979, ch. 110, par. 57.1). As a consequence estoppel does not apply.[1]

■■ To argue, as plaintiff does, that defendant insurer's decision not to defend estops it from claiming noncoverage in a declaratory judgment action, the very purpose of which is to determine whether coverage exists under the terms of the policy, results in a "Catch 22" situation. If such an argument were accepted, the declaratory judgment procedure would be rendered useless to insurers in cases where they believe the existence of a policy defense negates the duty to defend. Insurers would never be able to obtain a favorable declaratory judgment, because the refusal to defend would estop them from asserting policy defenses in that proceeding. In short, insurers would have no alternative but to defend when the complaint filed against the insured or alleged insured alleges facts that raise the possibility of policy coverage. No cases leave this as the only available course to insurers. To the contrary, *Sims, Clemmons* and progeny make it quite clear that an insurer can avoid the estoppel consequences of a refusal to defend by utilizing the declaratory judgment

---

[1] We do not see any significance in the fact that Ayres first sought a declaratory judgment. It is the fact of the proceeding itself, and not the identity of the party initiating the proceeding, that is of legal import.

procedure to seek a judicial determination of its contractual rights and liabilities.

As an additional ground for determining this first issue in defendant's favor, we note that plaintiff Ayers did not forward an estoppel argument in the declaratory judgment action. According to counsel for plaintiff, in the trial court the only question to be addressed was whether Ayers was driving Carmack's vehicle with the permission of the named insured at the time of the accident with Overcash. Because the estoppel argument was not presented below, it has been waived. "It has frequently been held that the theory upon which a case is tried in the lower court cannot be changed on review, and that an issue not presented to or considered by the trial court cannot be raised for the first time on review." *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.

■■ The sole issue remaining in this appeal is whether the judgment of the trial court in favor of the defendant was against the manifest weight of the evidence. In *Rhodes v. Sigler* (1975), 27 Ill. App. 3d 1, 3, 325 N.E.2d 381, 383, this court stated:

> "A court of review may not weigh evidence for the purpose of determining questions of preponderance. We may not disturb the findings of the circuit court unless those findings are manifestly without support. In determining that question we may not, in instances of conflicting testimony, substitute our judgment for the judgment of the circuit judge as to who are the more credible witnesses; and where, as here, several reasonable inferences are possible from conflicting testimony, we are obligated to accept those which support the trial court's order."

The question in this case is one of credibility, as there was conflicting testimony during the hearing on the sole issue of permission. As we said in *Sigler*, credibility is a question best left for the trial court. It is that court, and not this reviewing court, which was given the opportunity to observe the various witnesses and their demeanor while testifying. Giving great deference to the determination made by the trial court, after reviewing the record we cannot say that the judgment of the trial court in favor of defendant on the issue of permission was against the manifest weight of the evidence.

For these reasons, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.