KORTE CONSTRUCTION COMPANY, Plaintiff-Appellee, v. AMERICAN STATES INSURANCE, a Safeco Company, *et al.*, Defendants-Appellants.

Fifth District   No. 5—00—0294

Opinion filed June 1, 2001.

John L. McMullin and Holly Turner, both of Brown & James, P.C., of St. Louis, Missouri, for appellants.

William J. Knapp and Elizabeth A. Bradley, both of Knapp, Ohl & Green, of Glen Carbon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This is an appeal from a summary judgment entered by the circuit court of Madison County in a declaratory judgment action brought by Korte Construction Company (Korte) against American States Insurance, a Safeco Company (American States). Korte was named an "additional insured" under a policy of insurance issued by American States to Miller & Maack General Contractors, Inc. (Miller & Maack), which was constructing the new Edwardsville high school building. Korte was the construction manager on the project. The additional-insured endorsement of the American States policy names Korte as an additional insured, "but only with respect to liability arising out of [Miller & Maack's] ongoing operations performed for [Korte]."

On or about December 8, 1997, Margy Voigt, individually and as special administrator of the estate of Darwin Voigt, filed a wrongful-death action against Korte in the circuit court of the City of St. Louis, alleging that on June 25, 1997, Darwin Voigt was a laborer employed by Miller & Maack at the Edwardsville high school construction site and that he was killed while setting up a construction office trailer owned by, and for the use of, Korte. The complaint asserted various theories of liability against Korte. This underlying action was settled for $1.5 million in December 1999.

The complaint for declaratory judgment, filed December 31, 1998, alleges that Korte had tendered its defense of the Voigt suit to American States pursuant to the additional-insured endorsement but that American States had failed and refused to accept said tender. Count I of the complaint seeks a declaratory judgment that Korte was covered under the American States policy, that American States had a duty to defend Korte in the Voigt suit, and that American States has a duty to indemnify Korte up to the $1 million limit of the policy for any settlement or judgment entered in the Voigt suit. Count II of the complaint seeks attorney fees, costs, and a punitive award against American

States pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 1998)) for its vexatious and unreasonable conduct in refusing to defend or indemnify Korte in the Voigt suit.

On June 16, 1999, American States answered the complaint for declaratory judgment and asserted the affirmative defense that Korte was covered as an "additional insured" under an applicable insurance policy issued by St. Paul Fire & Marine Insurance Company (St. Paul) to the Edwardsville School District, which policy provided primary insurance to Korte, making any coverage provided by the American States policy excess. This affirmative defense was based on an endorsement to the American States policy, which provides:

"This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following paragraph is added to Section IV, paragraph 4.b[,]

COMMERCIAL GENERAL LIABILITY CONDITIONS

This insurance is excess over:

Any other insurance provided to you on a primary basis under a policy to which you have been included as an additional insured."

Section IV, paragraph 4.a, of the American States policy, entitled "Commercial General Liability Conditions," provides, "This insurance is primary except when [paragraph 4.b] applies." According to American States, because Korte had primary coverage under the St. Paul policy, the American States policy provided only excess coverage and, accordingly, no defense or indemnification was required by American States. In its answer, American States prays for a declaratory judgment that its policy provides only excess coverage and that therefore American States had no duty to defend or indemnify Korte. Korte made no reply or other response to the affirmative defense asserted by American States.

On November 12, 1999, Korte filed a motion for summary judgment on its declaratory judgment complaint. American States responded, asserting that the St. Paul policy provided primary coverage and the American States policy provided only excess coverage. American States also asserted that, according to the complaint in the underlying suit, Darwin Voigt was killed solely due to acts of Korte, and not to acts of Miller & Maack performed for Korte, and that the additional-insured endorsement of the American States policy provides coverage only "with respect to liability arising out of [Miller & Maack's] ongoing operations performed for [Korte]." American States asserted that it had accepted the tender of St. Paul in the Voigt suit to the extent that the American States policy potentially provides excess coverage to Korte.

The motion for summary judgment was denied as premature because of outstanding discovery requests. American States had served a request to admit facts and a request for production on Korte, to which Korte had not yet responded. American States had then filed a motion to compel response. This motion to compel was still pending.

On February 15, 2000, the day after its motion for summary judgment was denied as premature, Korte noticed up for hearing American States' motion to compel. On February 18, 2000, a hearing was held on American States' motion to compel Korte's response to the request to admit facts and request to produce documents. The court entered an order directing Korte to comply with certain requests for production. The order makes no mention of the requests for admissions. No report of the proceedings before the trial court is available for our review.

On March 1, 2000, Korte renewed its motion for summary judgment. On March 15, 2000, the circuit court of Madison County entered an order granting Korte's motion for a summary judgment on its complaint. The trial court found that the complaint in the underlying Voigt action contained allegations which brought that suit within the coverage provisions of the American States policy, including allegations that Korte's liability arose out of acts performed by Miller & Maack for Korte. The court therefore concluded that Korte was an additional insured under the American States policy and that American States had a duty to defend and indemnify Korte in the Voigt suit. The court ruled that because American States failed to defend Korte under a reservation of rights or seek a declaratory judgment as to coverage issues, it was estopped from raising policy-defense or noncoverage issues in the declaratory judgment action. The court further found that, even if American States was not estopped from raising policy defenses, it could not rely on the "other insurance" provision of its policy unless Korte gave permission to seek coverage under that "other insurance." Finally, the court found that the conduct of American States had been in bad faith and vexatious and unreasonable within the meaning of section 155 of the Insurance Code. The trial court reasoned that Korte had made repeated requests to American States for a defense but that American States had denied its duty to defend, forcing Korte to file the declaratory judgment action. The court ruled that American States' argument that Korte's liability did not arise out of Miller & Maack's ongoing operations performed for Korte corresponded to one that had been rejected in another case (*American States Insurance Co. v. Liberty Mutual Insurance Co.*, 291 Ill. App. 3d 336, 341 (1997)) and therefore did not constitute a good-faith argument or create a *bona fide* dispute. Accordingly, the court entered a judgment in favor of

Korte and against American States in the amount of $1,563,414.10. We note that the elements of the judgment add up to $1,563,414.13: the $1.5 million settlement amount in the Voigt case, attorney fees and expenses in the amount of $38,414.13, and punitive damages in the amount of $25,000. American States' motion to reconsider the order was denied on April 28, 2000.

We note that there are no reports of any of the proceedings before the trial court. In reviewing the trial court's judgment, we therefore are forced to rely entirely on the common law record. As the appellant, American States has the duty to present this reviewing court with a complete record on appeal; any doubts arising from the incomplete record are therefore resolved against the appellant, and regarding those issues that depend for their resolution upon facts not in the record, we will affirm. See *Hudlin v. City of East St. Louis*, 227 Ill. App. 3d 817, 828-29 (1992).

On appeal, American States raises five issues: (1) whether the trial court erred in granting a summary judgment in favor of Korte where Korte had failed to reply to, and therefore effectively admitted, American States' affirmative defenses, (2) whether the trial court erred in granting a summary judgment in favor of Korte without first ruling on American States' motion to compel a response to its request to admit facts, (3) whether the trial court erred in finding that it had failed to seek a declaratory judgment and thereby waived policy defenses where it sought a declaratory judgment in its answer to Korte's complaint, (4) whether the trial court erred in finding that it had acted in bad faith within the meaning of section 155 of the Insurance Code, and (5) whether in the summary judgment order the trial court erred in determining the amount of attorney fees and expenses. We conclude that the trial court properly found that American States was estopped from raising policy defenses because it failed to defend Korte under a reservation of rights or seek a declaratory judgment. We also conclude that the conduct of American States was vexatious and unreasonable. Therefore, we affirm the judgment of the circuit court.

■ The sole function of a court reviewing the trial court's entry of a summary judgment is to determine whether the trial court correctly ruled that no genuine issue of fact had been raised and, if none was raised, whether the judgment was correctly entered as a matter of law. *Hudlin*, 227 Ill. App. 3d at 825. We review the trial court's ruling *de novo. Brown v. Murphy*, 278 Ill. App. 3d 981, 989 (1996).

■ We address first American States' argument that the trial court erred in finding that American States failed to seek a declaratory judgment and thereby waived policy defenses, where American States had sought a declaratory judgment in its answer to Korte's complaint. We

believe that the resolution of this argument is dispositive of other issues as well. When a complaint against an insured alleges facts that bring the action within or potentially within the scope of insurance policy coverage, the insurer taking the position that the complaint is not covered by the policy must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. *State Farm Fire & Casualty Co. v. Martin*, 186 Ill. 2d 367, 371 (1999). Our supreme court has identified these two options for an insurer taking the position that a complaint potentially alleging coverage is actually not covered under its insurance policy: the insurer may either defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. *Martin*, 186 Ill. 2d at 371. If the insurer fails to exercise either of its two options and refuses to defend an insured who ultimately incurs an adverse judgment, the insurer will be estopped from raising noncoverage as a defense to an action brought to recover the policy proceeds. *Martin*, 186 Ill. 2d at 371; *Ayers v. Bituminous Insurance Co.*, 100 Ill. App. 3d 33, 35 (1981). An insurer cannot safely or justifiably refuse to defend an action against its insured unless it is clear from the face of the complaint that the claim is beyond the policy's coverage. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991).

■ In the instant case, American States does not argue on appeal that the trial court erred in finding that the allegations of the Voigt complaint bring the action within, or potentially within, the scope of its insurance policy. Instead, American States argues only that it did properly seek a declaratory judgment that there was no coverage for Korte under its policy and therefore it should not be estopped from raising policy defenses. American States asserts that it sought such a declaratory judgment in the affirmative defense included in its answer and that this is sufficient to avoid the application of the estoppel doctrine. American States relies on *Louis Marsch, Inc. v. Pekin Insurance Co.*, 140 Ill. App. 3d 1079 (1985), and *Ayers v. Bituminous Insurance Co.*, 100 Ill. App. 3d 33 (1981). We are not persuaded by these cases.

In the cases relied upon by American States, the courts did not discuss the facts leading up to the insureds' filing of the complaints for declaratory judgment. Thus, it is not clear how much time elapsed between the filing of the underlying complaints and the filing of the declaratory judgment actions. Furthermore, in those cases it is not clear how recalcitrant the insurers were in failing to defend the insureds or in failing to file declaratory judgment actions.

In the case at bar, the facts are clear. According to affidavits filed in support of Korte's motion for summary judgment, Korte repeatedly asked American States to defend it in the Voigt action, and American

States repeatedly refused. American States simply denied its duty to defend and did nothing. American States did not go to court to seek a declaratory judgment that the Voigt action was not within the scope of its insurance policy, and it did not defend Korte under a reservation of rights. In sum, American States did absolutely nothing. American States abandoned its insured and neither provided a defense under a reservation of rights nor sought a declaratory judgment. Twelve months after the underlying action was filed against Korte, Korte finally filed its own declaratory judgment action against American States.

While there need not be a race to the courthouse and the insured should not be able to estop the insurer from asserting policy defenses by filing a complaint for declaratory judgment first, the insurer must take some action to adjudicate the issue of coverage or undertake to defend the insured under a reservation of rights, and it must take that action within a reasonable time of a demand by the insured. As this court stated in *Shell Oil Co. v. AC&S, Inc.*, 271 Ill. App. 3d 898, 903 (1995), a case remarkably similar to the one at bar:

> "[A] serious dispute existed between [the insured] and [the insurer] with respect to whether the claim might possibly fall within the scope of the policy coverage. Nevertheless, with [the insured] facing impending litigation premised on a claim that might potentially fall within policy coverage and hence give rise to [the insurer's] duty to defend [the insured], [the insurer] failed to either seek a declaratory judgment as to its rights and obligations before or pending trial or defend [the insured] under a reservation of rights. If [the insurer] believed it had a valid case of noncoverage, it should have taken appropriate action. Instead, [the insurer] waited until [the insured] brought a declaratory judgment action to determine the question of potential coverage and duty to defend. \*\*\* Having failed to take the necessary legal action prior to [the insured's] declaratory judgment action, [the insurer] is now estopped from disputing the question of coverage."

When an insured tenders to an insurer the defense of the underlying cause, the insurer may not simply refuse to participate in the litigation of the underlying cause and wait for the insured to institute litigation against the insurer to determine the insurer's respective rights and duties. *Shell Oil Co.*, 271 Ill. App. 3d at 902. This is precisely what American States did in the case at bar. It is now estopped from raising noncoverage as a defense to Korte's action for declaratory judgment and indemnification.

In light of our holding that American States is estopped from raising policy defenses, we also hold that the trial court did not err in granting Korte's motion for summary judgment, despite the fact that

Korte had not formally replied to American States' affirmative defense, which, American States argues, is effectively an admission of the facts alleged therein. The affirmative defense simply attempts to establish a policy defense—that there is no duty to defend because the St. Paul policy is primary and the American States policy is excess. Even if the affirmative defense is deemed admitted, American States cannot raise it. American States is estopped from raising this policy defense, because it failed to seek a declaratory judgment or defend Korte under a reservation of rights. Accordingly, there is no genuine issue of fact, and the trial court did not err in granting a summary judgment despite Korte's failure to reply to the affirmative defense.

Similarly, the trial court did not err in granting a summary judgment despite the alleged lack of a ruling on American States' motion to compel a response to its request to admit facts. Any such facts go only to the same policy defense as does the affirmative defense, which American States is estopped from raising because of its failure to file a declaratory judgment action or defend Korte under a reservation of rights. Even if the facts are deemed admitted, American States cannot rely on them in support of a policy defense. Accordingly, the trial court did not err in entering a summary judgment despite the alleged lack of a ruling on American States' motion to compel a response to the request to admit facts.

■ American States next argues that the trial court erred in finding that its conduct was vexatious and unreasonable within the meaning of section 155 of the Insurance Code. Section 155 of the Insurance Code provides, in pertinent part, as follows:

> "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees [or] other costs, plus [certain punitive amounts]." 215 ILCS 5/155 (West 1998).

Section 155 provides a remedy to insureds who encounter unnecessary difficulties resulting from an insurance company's unreasonable and vexatious refusal to honor its contract with the insured. *Shell Oil Co.*, 271 Ill. App. 3d at 908. An award under section 155 is proper where an insurer has acted vexatiously and unreasonably in refusing to defend its insured. *Employers Insurance v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 159 (1999).

■ The trial court in the instant case found that American States had acted vexatiously and unreasonably in refusing and failing to

defend Korte in the underlying action, despite Korte's repeated requests that it do so, and in forcing Korte to file this declaratory judgment action. We agree.

■ It is well settled that the proper standard of review to be applied to an award under section 155 pursuant to a summary judgment is the standard of review that is appropriate for any summary judgment. *Employers Insurance*, 186 Ill. 2d at 160; *Mobil Oil Corp. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 751 (1997). This court reviews the grant of a summary judgment *de novo* (*Brown v. Murphy*, 278 Ill. App. 3d 981, 989 (1996)), asking only whether any genuine issue of material fact exists and whether the movant is entitled to a judgment as a matter of law. *Hudlin v. City of East St. Louis*, 227 Ill. App. 3d 817, 825 (1992).

One important benefit of a liability policy is the defense of liability claims that have been filed in court. *Richardson v. Illinois Power Co.*, 217 Ill. App. 3d 708, 711 (1991). In *Employers Insurance*, 186 Ill. 2d at 160, our supreme court held that an insured was entitled to an award under section 155 where the insurer repeatedly refused its insured's request for a defense and waited for more than one year from the initial demand and nearly four months after the underlying suit was concluded before filing a declaratory judgment action. Our supreme court stated:

"These undisputed facts compel the legal conclusion that [the insurer's] refusal to defend the Wyoming suit was vexatious and unreasonable as a matter of law." *Employers Insurance*, 186 Ill. 2d at 160.

In *Shell Oil Co.*, 271 Ill. App. 3d at 909, this court held that the insurer's refusal to defend its insured was vexatious and unreasonable where the insurer refused the insured's demand for a defense, failed to bring a declaratory judgment action to determine its rights and obligations under the policy, and chose instead to wait until the insured was forced to institute a declaratory judgment action.

Similarly in the case at bar, American States refused Korte's repeated requests for a defense, failed to file a declaratory judgment action to adjudicate its rights and obligations under the policy, and instead abandoned its insured, thereby forcing the insured to file this declaratory judgment action. Accordingly, the trial court did not err in finding that the conduct of American States was vexatious and unreasonable within the meaning of section 155 of the Insurance Code.

American States next argues that there existed *bona fide* disputes concerning the scope and application of insurance coverage, whether American States was an excess provider, and whether Korte's liability arose out of acts performed by Miller & Maack for Korte. It argues

that its conduct cannot be found to be vexatious and unreasonable in light of these *bona fide* disputes. We do not agree. American States should have raised these disputes in a declaratory judgment action or defended Korte under a reservation of rights, instead of simply denying its duty to defend, abandoning its insured, and forcing the insured to file a declaratory judgment action.

■ Finally, American States argues that the trial court erred in determining under section 155 the amount of attorney fees and expenses to award based only on the affidavit of Korte's attorney. American States argues that there is insufficient evidence in the record to demonstrate that Korte established either the amount or the reasonableness of the fees awarded.

In support of its motion for summary judgment seeking attorney fees and costs pursuant to section 155 of the Insurance Code, Korte submitted the affidavit of its attorney, William J. Knapp, stating the amount of attorney fees incurred in representing Korte in the underlying Voigt matter and in prosecuting the declaratory judgment action against American States and stating that the hourly rates charged were reasonable and customary and that the work performed was necessitated by the nature of the claims involved. American States submitted no counteraffidavit and made no argument to the trial court that these fees were not reasonable or had not actually been incurred. Even in its motion to reconsider the summary judgment, American States did not argue that the fees charged were not reasonable and customary, but it argued only that the number of hours actually spent on the Voigt case subsequent to American States' refusal to defend had not been conclusively established. In the summary judgment, the trial court explicitly found that the attorney fees charged were reasonable and customary.

We acknowledge that the affidavit submitted in support of the award of attorney fees in this case does not appear to be as well documented and detailed as was the affidavit in *Richardson v. Illinois Power Co.*, 217 Ill. App. 3d 708, 711 (1991), where an award of attorney fees based only on the attorney's affidavit was upheld. Nevertheless, we uphold the award in this case. Because American States did not argue in the trial court that the fees charged were not reasonable and customary, it may not make that argument before this court. See *In re Marriage of T.H.*, 255 Ill. App. 3d 247, 254 (1993) (issues not raised in the trial court are waived and may not be raised for the first time on appeal). Furthermore, where a party moving for a summary judgment files a supporting affidavit containing well-pleaded facts and the party opposing the motion files no counteraffidavit, the material facts set forth in the movant's affidavit stand as admitted.

*Hudlin*, 227 Ill. App. 3d at 830. Korte supported its motion for summary judgment with an affidavit setting forth its attorney fees and expenses. American States did not rebut this affidavit with a counter-affidavit or other evidence. American States did not argue that the attorney fees were not reasonable and customary. Accordingly, we find no error in the trial court's granting the summary judgment as to attorney fees and expenses pursuant to section 155 of the Insurance Code.

■ Finally, we address Korte's motion to strike portions of American States' reply brief, which we have ordered taken with the case. American States raises in its reply brief several points and arguments that were not raised in its opening brief on appeal and that are not in reply to arguments made by Korte in its answer brief. Points not raised in the appellant's opening brief are waived and may not be raised in the reply brief, in oral argument, or in a petition for rehearing. 177 Ill. 2d R. 341(e)(7). Accordingly, we grant Korte's motion to strike portions of American States' reply brief.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KUEHN and MAAG, JJ., concur.